# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARIA ELIZABETH SANTOS CHENG,

       Plaintiff,

v.                                Case No: 6:25-mc-20-AGM-LHP

DALE COLLIER, et al.,

       Defendants.

---

## ORDER

On March 24, 2025, a final judgment was entered in the amount of $785,001.72, jointly and severally, against Defendants Dale Collier, G47 Global Initiative Group ("G47"), International Silver Dollar Association ("ISDA"), Kings Counsel & Trust, LLC ("Kings Counsel"), and Sheila Yi (collectively "Defendants") and in favor of Plaintiff Maria Elizabeth Santos Cheng in the United States District Court for the Central District of California, Western Division.  Doc. No. 1.  On June 4, 2025, Plaintiff registered the final judgment in this Court pursuant to 28 U.S.C. § 1963.  *Id.*  Now before the Court are several motions filed by the Plaintiff, who is attempting to collect on that judgment.

## I.  MOTON TO COMPEL FACT INFORMATION SHEET (Doc. No. 7).

First, Plaintiff has moved for the entry of an order compelling Defendants Collier, Kings Counsel, and Yi to complete a Fact Information Sheet ("Form 1.977"), and all required attachments pursuant to Florida Rules of Civil Procedure 1.560(b) within forty-five (45) days of the Court's order.  Doc. No. 7.  Plaintiff attaches a blank Form 1.977, a copy of the order from the Central District of California granting default judgment in Plaintiff's favor, and Plaintiff represents that to date, the judgment against each Defendant remains unsatisfied.  *Id., see also* Doc. Nos. 7-1, 7-3.  Plaintiff has served each Defendant via overnight mail with a copy of her motion, (Doc. No. 7, at 8), and has submitted amended Local Rule 3.01(g) certifications documenting her attempts to confer with Defendants, all to no avail. In addition, no Defendant has appeared in this matter, nor responded to the motion, and the time to do so has long expired.  Doc. Nos. 10-11.  *See also* Local Rule 3.01(d).  Accordingly, the Court deems the motion unopposed in all respects.

A judgment creditor "may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  Under Florida law, "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order

- 2 -

or such other reasonable time as determined by the court."   Fla. R. Civ. P. 1.560(b). Upon review, the Court finds Plaintiff's motion well-taken and due to be granted.

However, Plaintiff – the judgment creditor – has requested the Court to order these Defendants – the judgment debtors – to complete Form 1.977 with forty-five (45) days of this order.   Doc. No 7.   Plaintiff is entitled to such relief.   But, to ensure these Defendants have sufficient time to complete Form 1.977 after service of this order, these Defendants will be required to complete and serve Form 1.977 and all required attachments within forty-five (45) days of the date this order is served on them.   *See, e.g., McLeod v. Chef Creole Inc.*, No. 1:22-CV-22657-KMM, 2024 WL 3360406, at *2 (S.D. Fla. Jan. 3, 2024) (providing 30 days from the date of receiving service of the court's order to complete the Fact Information Sheet).

## II.   MOTION FOR ISSUANCE OF WRITS OF EXECUTION (Doc. No. 9).

Next, Plaintiff seeks issuance of writs of execution against property owned by Defendants Collier, Kings Counsel, and Yi that is located within this District. Doc. No. 9; *see also* Doc. Nos. 9-1, 9-2, 9-3 (proposed writs).   The Court has reviewed the writs, and notes that Plaintiff has registered the Central District of California judgment both in this Court as well as in the applicable counties where these Defendants and/or their assets are believed to be located.   Doc. No. 9, at 2; *see also* Doc. No. 1.   Accordingly, the Court finds Plaintiff's motion well taken and due to

be granted.   As the Court has resolved the motion on the papers, Plaintiff's request for an *ex parte* hearing on the motion (Doc. No. 14) will be denied as moot.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1.     Plaintiff's Motion for Entry of an Order to Complete Fla. R. Civ. P. 1.977 Fact Information Sheet (Doc. No. 7) is **GRANTED**.   Plaintiff shall immediately serve this Order and a copy of the Form 1.977 on Defendants Collier, Kings Counsel, and Yi.

2.     Plaintiff shall file a return of service with the Court for each Defendant, detailing the date and manner of service.

3.     Within **forty-five (45) days** of being served with this order and Form 1.977, each Defendant shall complete and serve Plaintiff's counsel with Form 1.977 along with copies of the documents listed in Form 1.977.

4.     Plaintiff's Motion for Issuance of Writs of Execution (Doc. No. 9) is **GRANTED.**   The Clerk of Court is **DIRECTED** to issue the proposed writs of execution.    *See* Doc. Nos. 9-1, 9-2, 9-3.

5.     Plaintiff's Time-Sensitive Request for Ex Parte Hearing (Doc. No. 14) is **DENIED AS MOOT.**

- 4 -

- 5 -

**DONE** and **ORDERED** in Orlando, Florida on May 4, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties